Good morning, I assume I'm on video. You are, we can see you loud and clear and hear you loud and clear. Okay, my name is Vicki Buchanan. I'm here on behalf of Jason Veal. I would like to go ahead and reserve two minutes if possible. You may. The situation in this case revolves around whether or not certain convictions for attempt crimes are crimes of violence under the elements clause, and to determine that we need to look at whether or not under the categorical approach, which is what the Supreme Court did in this case. And that requires that the court always the statute, the elements of the statute always require the use, the attempted use or the threatened use of violence against another. And Taylor applied the categorical approach against the Hobbs Act elements and determined that it was not a crime of violence. The elements for Hobbs Act robbery are that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and two, that they completed a substantial step toward that end. There is absolutely no reason why the same analysis and holding should not apply to California's attempted murder statute. Ms. Buchanan, may I ask, so Taylor involved Hobbs Act robbery, which includes the ability to prove it on actual use of force, attempted use or threatened use of force. And the government's position, as I understand it, seems to be that murder as a completion only involves the use of force and therefore attempting to commit murder is an attempted use of force. And several circuits now have agreed with that position with the 11th Circuit and the 6th Circuit and I believe, is it the 7th? 7th Circuit. So why are they wrong in that analysis? Because their analysis does not look at the actual statute and does not apply the categorical approach. They're going beyond the categorical approach. As in Taylor, Taylor looked at the first element, which included those elements. It included the threats and all that. But it said it requires the element is intent. It is not all that other stuff that is in there. It's intent. And intent does not imply force. No matter how much you think about doing something or intend to bomb something, intent does not require the use, the threatened use, or the attempted use of force. So all those things go beyond the categorical approach. None of the cases actually look at the statutes that are involved in their cases. Well, let's look at the statute, counsel. Let's look at the statute. California Penal Code Statute Section 21A requires, first, a specific intent to commit murder. Do you agree? I do. And second, a direct but ineffective act done towards its commission. As I understand it, your client admitted to that, correct? I don't recall, but we don't look at his conduct in applying the categorical approach. You do not look at the conduct. You look at the statute, the words that are specifically in the statute itself. So it doesn't matter what he did and what he admitted or anything else. The California statute says it's a direct but ineffective step toward commission. And as Taylor said, for a similar thing which was substantial step in Taylor, whatever a direct but ineffective step requires, it does not require the government to prove that the defendant used, But it does require an analysis of the elements of the crime, correct? Yeah, the elements of the crime is a direct but ineffective step. It doesn't require going beyond what is actually in the statute. It does not require that you look into the different kinds of circumstances under which a crime could be committed. In fact, looking at Taylor, when the Taylor court goes through all of the arguments made by the government, one of the arguments is basically, well, we should look at all the ways that you can commit these crimes. And they said, no, you can't do that. The categorical approach requires that you look just at the statute. And the statute here, if you look directly at the words of the statute, 21A, it does not say anything about force, the use of force, the attempt to use force, or actual force. So Ms. Buchanan, under your reading, if you apply Taylor, I take it you would take the position that no attempt to crime could ever be a crime of violence. No, I do not take that position. So give me an example of an attempt to crime that would be a crime of violence under your reading of Taylor. You have to look at the underlying crime statutes, but it is very possible to draft a statute that would, this legislature can draft a statute that would create the right for an attempt crime to be a crime of violence. If you said it requires a substantial step, which includes the use, the attempted use, and the threatened use of force, if you include that language right there in the actual attempt statute, it would be a crime of violence. It would actually cover the 90% of the violent crimes that are out there. So can you give me an example, for instance, of where one could be convicted of, in California, of attempted murder, where there is no element of the use of violence, the attempted use of violence, or the threatened use of violence. Well, if you actually get into this substantial step, which I don't know that that's appropriate under the categorical approach, but for instance, the state of people versus state Dexter, which is decided by the government, it's the case of a hitman, the hiring of a hitman. You pay for the hitman, you hire them, and you send them off after, you send them toward the target. None of those elements, none of those facts or elements require force. And that is considered in California to be an attempt, a crime that is considered to be an attempt. So it does match the attempt statute. But those actual things, that actual conduct does not rise to the level of the attempted use or the threatened use of force. Let me follow up with that. Why isn't it an attempted use of force? Because the force that's contemplated is that the hitman will go and kill someone. So I agree with you, hiring a hitman is not an act that is a use of force. But why isn't it an attempted use of force? Because there's no force involved. I mean, it's not attempted. It's no more attempted than by saying, I intend to do something. If you look at the Taylor case, it goes into a lot of language about the government has another theory, which is that you can set something in motion and therefore it will end up being a threat or end up being something else. And the Taylor course goes into that and says, no, it has to be actual. It can't just be some theoretical. No, but the distinction in Taylor was that under Hobbs Act, you can complete a Hobbs Act by threatening to use force. And so what the Taylor court concluded was an attempt to threaten to use force is not a categorical match to a violent crime. But here you have, if you hire a hitman, aren't you attempting to use force by setting in motion a chain of events that, if it's not intervened, will result in the death of someone? Yeah, but you have to look at the actual statute itself. But we are looking at the actual statute. Judge Jackson just mentioned that the California statute for attempt requires the specific intent plus a substantial step. I mean, I'm echoing the Eleventh Circuit's arguments, really, because they explicitly rejected the argument you were making just now using the example of a hire of a hitman under Georgia law. So, you know, I guess I'm trying to figure out what you find wrong with the Eleventh Circuit's analysis. They do not analyze the elements of the crime. They also rely on the Fourth Circuit's... Well, counsel, what elements, I guess, is... Counsel, what exactly are they not analyzing? I guess that's what I'm struggling to find out. They're not analyzing the attempt statute. They're analyzing all around the attempt statute. Where do they point out the elements of the attempt statute and analyze them in light of Taylor? Taylor goes through and analyzes the two steps that are involved in the attempt statute. And here, if you apply and look at the same attempt statute, the California attempt statute, you have to mirror what the Supreme Court said. Also, in terms of the Eleventh Circuit, they're following and relying heavily on the Fourth Circuit Taylor decision, which goes all over the place. They do not follow the Taylor decision in the Supreme Court. That attempt to threaten language is out of the Fourth Circuit case. It's not out of the Supreme Court. Should we take anything from the fact that the Fourth Circuit's Taylor decision was, and its description of the Supreme Court's Taylor decision, was itself affirmed by the Supreme Court? The result was affirmed, but its reasoning was not. The reasoning is all over the place. It contradicts itself. The court did not rely on any of the reasoning out of the Fourth Circuit case. It relied on them, but it did rely on the results, so it wasn't overturned. In fact, the Supreme Court looked at the Fourth Circuit case, and basically that's why it took the case up, because it was all over the place as to what could be or what could not be a substantial step, and it was all over the place. So it adopted the result, but it did not necessarily adopt any of the reasoning, because the reasoning in the Supreme Court case is contained in that one simple paragraph. I'd let you go a little bit over. Let me see if my colleagues have any other questions before we hear from the government. None. Okay. Good morning, Your Honors. David Friedman of the United States. May it please the Court. I'll start by confirming, Judge Sanchez, you did summarize our position correctly. The reason that Hobbs Act robbery and Taylor is different is that Hobbs Act robbery can be committed by a threat, so an attempt to commit Hobbs Act robbery can be committed via an attempt to threaten. And while the elements clause covers the use of force, the attempted use of force, and the threatened use of force, it doesn't cover an attempt to threaten the use of force. Murder is different. You can't commit a murder by threat. You have to use force. So if you attempt to commit murder, you have necessarily attempted to use force, and that's the straightforward analysis that was followed by Sixth Circuit, Seventh Circuit, Eleventh Circuit. Let me ask you to address Ms. Buchanan's direct argument, which is that under Taylor, her argument is that for the categorical match, the substantial step analysis necessarily requires looking at whether the substantial step is itself use of force, attempted use of force, or threatened use of force. Do you agree with that or no? I agree you have to look at the elements of the particular crime, and you need to, in this case, the elements of attempted murder are a specific intent to commit murder and a substantial step towards murder. And a substantial step towards murdering someone requires the use of force. So we're not asking you to look at the facts of the case. If you look at the elements of California Penal Code 187, it requires a substantial step towards killing someone, and that is the attempted use of force. And that's essentially what this court recognized in the Winahan decision, which is the only published decision from this court that has analyzed Taylor since it was issued. In Winahan, at page 702 and 705, it said that the attempted use of force, that language in the elements clause, it means a substantial step towards the use of violent force. And in that case, it held that transportation of an explosive satisfied the elements clause because even though there isn't any actual force, there's a substantial step towards it. Here, I think the analysis is even more straightforward. It's just one of the elements of murder is a substantial step towards killing someone. That is a substantial step towards violent force. And the reason that Taylor, again, is distinguishable because a substantial step towards Hobzack robbery does not require the attempted use of force or the threatened use of force. And the court made that point over and over again at pages 2020 and 2022. It first noted that common law robbery, you can be convicted of attempted common law robbery even if you don't threaten someone. Page 2021, it gave the Adam hypothetical, which is about an attempt to threaten. And then at page 2022, I think it gave the clearest sort of statement of this. It said the, quote, problem with the government's argument is that individuals who are arrested before they can threaten anyone may be convicted too. That's true of attempted Hobzack robbery. It's not true of attempted murder. If you were driving like Adam to murder someone and you were stopped and you were attempting to use force, you were attempting to kill someone. What about conspiracy to commit murder? I know that's not before us, but how would you compare a conspiracy to commit murder versus attempted murder? That would certainly be a different analysis because the agreement alone might be enough. And I'm not sure if a mere agreement to commit murder would represent a substantial step towards committing murder. So I think that would be different. And that goes to defense counsel's point that you need to look at the specific elements of the particular crime. So I'm not sure how that would apply here. But the agreement between two people to commit the crime of murder would be probably sufficient. I think looking at line of hand, I think there would be – the modified categorical approach is tricky, so I don't want to do it on the fly. But I think it probably – You don't have to tell us how tricky that is, counsel. Sure. So I think under line of hand it would qualify because, again, it's probably a substantial step towards killing someone and a substantial step towards murdering them. But, again – But in your view, the classic example that's been used by the 11th Circuit, if you hire a hitman and you take substantial steps toward the hitman doing something, such as the Decker decision in California, that is sufficient to be a violent crime under the categorical approach. Yes. You've attempted to use force. You've attempted to kill someone. And in Decker, the defendant identified a hitman. He gave him $5,000. He gave him the details about how to kill the person, and I believe he considered the transaction sort of done at that point. So I think if you – those types of facts, you hire a hitman, you basically tell them to go off and kill the person, that's attempting to kill someone. Even if the hitman is an undercover police officer and has no intention of actually using force, it's still an attempt to use force by the defendant. Yes. And, again, in line of hand, this court said we look at sort of the classic definition of attempt, which is a substantial step towards using force and the specific intent to do so. If you pay a hitman, it's an undercover officer. You have the intent to kill someone. You've certainly taken a substantial step towards doing it just because it turns out the facts aren't as you thought they were. That doesn't negate the crime. And California does actually have quite a rigorous substantial step requirement. It needs to be that a reasonable person would think that the crime is so close to being committed that absent an intervening force, it's going to happen. And I think that's even stricter than the substantial step requirement that Washington had that was sufficient in Studhorse. So for those reasons we think that attempted murder is a crime of violence and the other three circuits have it right. I would just note, even if the court has some concerns, plain error review does apply here. Defendant has not contested that. Defendant did not only not raise this claim below, he affirmatively agreed that murder was a crime of violence. And because of that, he needs to show not just an error but a clear or obvious one. And given that there are now three decisions on that, they're all in favor of the government. At the very least, he can't meet that burden. Let me ask you perhaps an unfair question. I don't know. But the Supreme Court in Taylor gave an example of where a Hobbs Act robbery, attempted robbery, may not qualify as a crime of violence. It discussed Adam going into a business to rob a business and that sort of thing. I'm sure you're familiar with that illustrative example as they provide it. How would that not apply here? Sometimes the court provides illustrations that don't have the sufficient degree of clarity, at least for a meager district court judge. Sure. So the distinction with the Adam hypothetical is the court noted, I think it's page 2021, that he had a note he was going to threaten someone but it was a bluff. And the court noted that point twice. It was a bluff. So he wanted to threaten someone and he didn't get the chance to. So it's an attempt to threaten. If we have Adam and he's on the way to kill someone, it's not a bluff. He wants to do it. He's attempting to use force. So if he's taken enough steps that it constitutes a substantial step, that's the attempted use of force. But for Adam, again, he wasn't even trying to use force. So the Supreme Court said it's not an attempt to use force. And he was trying to threaten but he never got there. And, again, that was the problem the Supreme Court noted. But you can imagine circumstances that are more attenuated. Let's say Adam wants to hire a hitman and is taking out a lemonade stand to raise money for this endeavor and doesn't get very far with the raising of funds. Have we gotten to a point where that's an attempted use of force because that's his specific intent? In other words, I'm creating a ridiculous hypothetical to let the intent side do all the work. What would happen in that circumstance? So the intent side can't do all the work. You need the substantial step. So those types of hypotheticals I think it's going to dovetail with whether it's a substantial step under California law. And I don't think that would qualify. That would probably be mere preparation. If we go back to that standard that it has to be so close to being committed that a reasonable observer would think it's going to happen unless someone stops you, that I don't think would qualify. So those hypotheticals I think are encompassed by the substantial step standard. And I did just want to note, you mentioned the Fourth Circuit's opinion. I think it is instructive to look at the Fourth Circuit's opinion. They were very explicit that the basis they're holding was that attempted Hobsack robbery can be committed via an attempt to threaten. And at page 209, the Fourth Circuit actually rejected the claim that no attempt crime could be a crime of violence if it were right. And the example of an attempt crime it gave that would still be a crime of violence was attempted murder. And I think that's instructive because ultimately the Fourth Circuit was affirmed. So if there are any further questions, I'm happy to answer them. No other questions. Thank you very much. Ms. Buchanan, you've gone a little bit over, but I'll give you an extra minute for rebuttal. Oh, your volume is off. I would bring the court's focus back to the actual statute and how it mirrors the holding in the Taylor's decision. The Taylor decision is very simple. It's very clear. And going all the way around to avoid the holding is just doing that. The Taylor decision is clear. You follow the statutes, and you don't get into all this extra stuff that was brought up by the circuits in their decisions trying to get around the holding of Taylor. So I have nothing else to add at this point. Thank you. Counsel, thank you both for your arguments. The matter will stand submitted.
judges: SANCHEZ, MENDOZA, Jackson